## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRANDON ALBERT SIBLEY, ET AL.**                **CIVIL ACTION NO.**

**VERSUS**                                         **20-781-BAJ-EWD**

**NINA UNKNOWN, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Certified- Brandon Sibley 7018 0360 0001 1615 6377
Certified- Candy Sibley 7018 0360 0001 1615 6360

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON ALBERT SIBLEY, ET AL.           CIVIL ACTION NO.

VERSUS                                  20-781-BAJ-EWD

NINA UNKNOWN, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Brandon Albert Sibley and Candy Gabrielle Sibley ("Plaintiffs"), who are representing themselves, filed a Complaint against Nina Unknown and Brandon Unknown, both managers of Walmart Supercenters (collectively, "Defendants"), on November 16, 2020.[1] On November 19, 2020, Plaintiffs were ordered to pay the Court's $400 filing fee *or* seek leave to proceed *in forma pauperis* by each completing the required application, AO 239 - Application to Proceed in District Court Without Prepaying Fees (Long Form) ("IFP application"), a copy of which was enclosed, by no later than December 10, 2020.[2] The November 19, 2020 Order also advised that their failure to comply could result in dismissal of Plaintiffs' suit without further notice. The November 19, 2020 Order was sent to Plaintiffs via certified mail, return receipt requested, which they received on November 25, 2020.[3]

Plaintiffs filed a Response to the Order that was received on December 7, 2020, and subsequently filed other "Requests to Correct Misrepresentation of Plaintiff's Name and Status;"[4] however, Plaintiffs failed to file IFP applications or pay the filing fee. Accordingly, a hearing was

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Docs. 4, 7, 8. Although Plaintiffs were each ordered to file an IFP application, which neither did, these filings were only signed by Brandon Sibley. *Id*. at p. 2. Given that there is no information in the record to suggest that Brandon Sibley is an attorney, and the Louisiana State Bar Association's membership directory contains no record of an attorney by that name, Brandon Sibley was previously advised that as a non-lawyer he may only represent himself *pro se* and cannot represent any other person, including his wife, Candy Sibley, in this matter. R. Doc. 5, at n. 4.

set for January 15, 2021 via Zoom videoconferencing at which both Plaintiffs were ordered to appear and show cause as to why their claims should not be dismissed for failure to comply with the November 19, 2020 Order. Alternatively, in lieu of appearing for the show cause hearing, Plaintiffs were ordered to pay the Court's filing fee *or* each file IFP applications by no later than January 8, 2021. A copy of the IFP application form was again enclosed. Plaintiffs were advised that their failure to appear at the show cause hearing could result in the dismissal of their claims without further notice.[5]

On January 15, 2021, the show cause hearing was conducted by videoconference with Plaintiffs present. Brandon Sibley advised that he was aware the undersigned believes that 28 U.S.C. § 1914 authorizes the Court to charge a filing fee of $350 and an administrative fee, but he did not agree that he or Candy Sibley could be required to pay the filing fee.[6] Brandon Sibley stated (1) that he is not required to pay the filing fee because he is not an "individual," and (2) that he "refuse[s] to accept IFP or pay the fee."[7] Candy Sibley was then asked if she intended to either pay the fee or seek IFP. Candy Sibley did not respond; rather, Brandon Sibley explained that as the "paterfamilias" he would be "representing the family." Neither Plaintiff provided any indication that Candy Sibley's response to the question of whether she intends to seek IFP status or pay the filing fee would have been different from Brandon Sibley's. Plaintiffs were advised at

---

[5] R. Doc. 5.
[6] The provisions of 28 U.S.C. § 1914 are mandatory and provide as follows:
    (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
    (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
    (c) Each district court by rule or standing order may require advance payment of fees.
[7] Brandon Sibley refused to be addressed as "Mr. Sibley," which he considers a "nom de guerre." Brandon Sibley also questioned the authority of the undersigned to conduct the hearing and asked why Plaintiffs were not given an Article III judge as they requested. Plaintiffs were advised that the undersigned has the authority stated in 28 U.S.C. § 636 and Local Civil Rules 72-73 and that the assigned Article III judge would handle any dispositive matters in this case.

the show cause hearing that their failure to either pay the fee or file the IFP applications would result in a recommendation of dismissal by the undersigned to the district judge.

Based on Plaintiffs' refusal to either pay the fee or submit IFP application, and the rebuttal explaining their position that they are not required to comply with the Order requiring one of these actions, the undersigned recommends that this suit be dismissed pursuant to Fed. R. Civ. P. 41(b), which provides for dismissal when a plaintiff "fails to prosecute or to comply with these rules or a court order. . . ." A district court may dismiss a case *sua sponte* under Rule 41(b) with or without notice to the parties for Plaintiffs' refusal to comply with Court orders.[8] "Dismissals with prejudice are 'reserved for the most egregious of cases, usually where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.' Those aggravating factors include 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, and 3) delay causing prejudice to the defendant."[9]

This is not a situation where Plaintiffs have requested more time to comply or did not receive notice of an Order. Instead, Plaintiffs have refused to comply and question the authority to require them to do so.[10] Although this case is in the early stages, Plaintiffs chose to bring this suit in this Court and the law is clear that this Court has not only the authority to require payment of the filing and administrative fees, but is, indeed, required to collect the requisite fees and may do so before any substantive action is taken in this case. Specifically, 28 U.S.C. § 1914 mandates that the clerk of court "shall require" a party filing suit to pay the $350 filing fee and further mandates that the clerk "shall collect" such additional fees as are prescribed by the Judicial Conference of the United States.  Pursuant to the U.S. District Court Miscellaneous Fee Schedule the Court's administrative fee of $50 for filing a civil action was the amount applicable at the time Plaintiffs

---

[8] *See Boudwin v. Graystone Ins. Co., Ltd*., 756 F.2d 399, 401 (5th Cir. 1985).
[9] *Id.* (citations omitted).
[10] As indicated above, the IFP application was sent to Plaintiffs on two prior occasions. R. Docs. 2-1 & 5-2.

3

filed this suit. Further, Section 1914 provides that each district court may require advance payment of the fees by local rule or standing order. Pursuant this Court's Local Civil Rule 5(c),[11] the clerk of court is not required to file any paper or to render any service for which a fee is legally collectible unless the fee for the particular service is paid in advance.

Given Plaintiffs' disregard for the authority of this Court, there is no adequate lesser sanction than dismissal. Additionally, notwithstanding that two aggravating factors are present (intentional conduct directly by the plaintiffs) that could support dismissal with prejudice, because the merits of Plaintiffs' claims are not reached in this Report, it will be recommended that their claims be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) due to Plaintiffs Brandon Albert Sibley and Candy Gabrielle Sibley's failure and refusal to comply with Court Orders to either pay the filing fee or to file Applications to Proceed in the District Court Without Prepaying Fees or Costs AO 239 (Long Form).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Notice and Order to Plaintiffs Brandon Albert Sibley and Candy Gabrielle Sibley, by certified mail, return receipt requested, at their address of record on PACER.

Signed in Baton Rouge, Louisiana, on January 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Enactment of the local rule is also authorized by Fed. R. Civ. P. 83.

4